ROBERT GOELET AND OTHERS, APPELLANTS, *v.* THE METROPOLITAN TRANSIT COMPANY, RESPONDENT.

*Elevated railroad, authorized to construct a main line and branches, cannot abandon the construction of its main line and construct a branch only.*

In this action, brought to restrain the defendant from building an elevated railroad on Broadway, from Chambers street to Forty-third street, in the city of New York, the plaintiffs, who were the owners of certain parcels of land on Broadway, alleged that said railroad was a nuisance, and that defendant had no authority to construct its road in front of their premises. The authority conferred upon the defendant by the act of the legislature, under which it claimed to proceed in this matter, was to construct a main line of railroad with three branches. It was conceded in this case that the railroad built in front of the plaintiffs' premises was one of the branches authorized by the law, and that the defendant had never constructed, or commenced to construct, its main line or any part thereof, and had no pecuniary means that would enable it to do so.

*Held,* that a corporation, authorized to construct a main line and branches, could not abandon the construction of the main line and still retain the right to construct the branches, and that this action was properly brought by the plaintiffs to restrain the defendant from so doing.

APPEAL from a judgment sustaining a demurrer interposed to the plaintiffs' complaint.

This action was brought to restrain the defendant from building an elevated railroad on Broadway, from Chambers street to Forty-third street, in the city of New York, by the plaintiffs, who are the owners of abutting property, and who sue for themselves and all others similarly situated. A demurrer was interposed to the complaint, upon the ground of a misjoinder of parties plaintiff, for the reason that the plaintiffs are not authorized to unite in maintaining this action; and also upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The defendant was incorporated under an act (chap. 833 of the Laws of 1872) entitled "An act to authorize the Metropolitan Transit Company to construct and operate certain railroads in the city of New York, and to construct and use, for railroad purposes, two bridges across the Harlem river."

*Elihu Root*, for the appellants.

*George W. Wingate* and *J. A. Davenport*, for the respondent.

VAN BRUNT, P. J.:

A large number of questions relative to the extent of the powers conferred upon the defendant, and as to the validity of its charter and its existence, were argued and discussed by the counsel upon this appeal. For the disposition thereof, however, it seems necessary only to consider one question.

The demurrer states two grounds: First. That there is an improper joinder of parties. Second. That the complaint does not state facts sufficient to constitute a cause of action.

It is admitted that where the subject of an action is a common nuisance, or a private nuisance which is a common injury, a bill by several parties or owners of separate properties can be maintained. But it is claimed that the road of the defendant would not be a public nuisance as it is authorized by the sovereign power. A consideration of the second ground of demurrer necessarily disposes of the first, because we think it is clear that, in view of the allegations contained in the complaint, which are admitted by the demurrer,

the defendants have no authority to construct their road in front of the premises of the plaintiffs, and in proceeding to do so the defendant would be a naked trespasser. The authority conferred by the act under which the defendant claims to proceed is to construct a main line with three branches. The construction to which the plaintiffs object, and to restrain the building of which in front of their premises this action is brought, is claimed by the defendants to be one of the branches authorized by the law.

The plaintiffs allege, which is admitted by the demurrer, that the defendant has never constructed or commenced to construct its main line or any part thereof; that it has no pecuniary means that would enable it to construct such main line; that it has no reasonable expectation of obtaining or possessing such pecuniary means; that it intends never to construct said main or stem line, and has long ago abandoned or surrendered its right to construct the same. The question then presented is whether a corporation authorized to construct a main line and branches may abandon the construction of the main line and still retain the right to construct the branches. A mere statement of this proposition seems to carry its answer. As well might it be claimed under a power to build a house with an extension the extension might be built without any house. The very use of the word "extension" means that it is an extension of something, and if there is nothing to extend, it is difficult to see to what the extension can attach itself. So in the case at bar the defendant is authorized to construct a branch. This means that it shall be a branch of something, and if that something does not exist, then the branch cannot be called into being as a branch. If that which is to be a branch is built under such circumstances it necessarily becomes the main structure, and the defendant has no power to build their main structure in connection with the Grand Central depot. It is only a branch of their main line that they are authorized so to connect.

If the position of the defendant were true, then a railroad corporation having a right to construct a road, and incidentally to condemn lands for depot purposes, could abandon the construction of its road, and still exercise the right of eminent domain to condemn the land for the depot. A reiteration of similar instances can add no strength to the argument. It seems to be a self evident proposi-

tion that a branch cannot exist without a stem; and as the defendant. has only the right to build and maintain a branch, such right is extinguished when the construction of the main line is abandoned. It was said upon the argument that there was no evidence of any intention upon the part of the defendant to abandon the construction of the main line. But no evidence is necessary to establish this proposition. It is conceded by the pleadings. The fact is alleged in the complaint and admitted by the demurrer. A careful examination of the act in question develops a fact, upon which no point has been made upon the part of the defendant, viz., that the part of the road connecting with the Grand Central is not spoken of as a branch in the first instance. But it has been treated by the counsel for the defendant as a branch, and must necessarily be so considered; because in all the other provisions of the act, in reference to its location and to its maintenance and operation, it is treated as a branch and called a branch, and is distinguished by the use of those words. from the main line. The defendant, therefore, has no right, under the facts as they appear upon the pleadings, to build the road in question, and in attempting to do so would be a naked trespasser; and a bill by several parties or owners of property can be maintained. to restrain such trespass.

The judgment should, therefore, be reversed, with costs, and the demurrer overruled, with leave to the defendant to answer on payment of the costs of the demurrer and of the court below.

MACOMBER, J., concurred; BARTLETT, J., taking no part.

Judgment reversed, with costs, and demurrer overruled, with leave to defendant to answer on payment of costs of demurrer and of court below.