ousy on the part of police detectives by claiming—certainly with some show of justification—the credit for securing convictions in arson cases. That, says the charge, alienated the good will of these detectives, and this renders difficult their hearty and cordial co-operation. One would suppose that this was a ground for disciplining the detectives, rather than the relator. It is difficult to understand why this apparently faithful servant of nearly seven years' standing should have been removed because he is proud of his success, and because the detectives do not like his self-appreciation. He might well be pardoned for some slight self-appreciation in view of the sworn statement of the assistant district attorney, Mr. Davis, to the effect that his duty had been both intelligently and energetically performed, and that his services were of great value to the cause of the people; also in view of the resolution of the board of fire underwriters, adopted some four months prior to these charges, that their thanks, and the thanks of the citizens of New York, were due to Fire Marshal Mitchell for his sagacious and energetic labor in the detection and punishment of the bands of incendiaries who have recently caused so many fires in this city.

Upon the entire record it is evident that a grave injustice has been done to the relator; that the charges against him were mere formulæ for removal; and that his explanations should have satisfied fair-minded men that he was deserving of commendation, not condemnation.

Upon both the facts and the law the action of the board should be annulled, and the relator reinstated, with $50 costs and disbursements. All concur.

(1 App. Div. 140.)

ERIE & C. N. Y. RY. CO. v. WELCH et al.

(Supreme Court, Appellate Division, Third Department. January 27, 1896.)

CONDEMNATION PROCEEDINGS—PETITION—SUFFICIENCY.

> Application for condemnation of land, made on petition which fails, as required by Code Civ. Proc. § 3360, subd. 7, to state that the petitioner intends to complete the work for which the land is sought to be condemned, is properly denied on oral objections of defendant.

Appeal from special term, Broome county.

Petition by the Erie & Central New York Railway Company against Frank Welch and others for condemnation of lands. From an order denying its petition, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Irving H. Palmer, for appellant.

Maynard, Gilbert & Cone (I. H. Maynard, of counsel), for respondents.

PER CURIAM. The plaintiff, at a special term of this court held in Broome county on the 29th day of October, 1895, upon the

petition and notice of motion, a copy of which is contained in the papers submitted to us, moved for the condemnation of the lands described in said petition, and for the appointment of commissioners to ascertain and fix the compensation to be made therefor. The defendants appeared, and opposed said motion. No answer was served, nor does it appear on what grounds the defendants objected to the application. The petition was defective in not containing "a statement that it is the intention of the plaintiff in good faith to complete the work or improvement for which the property is to be condemned," as required by subdivision 7, § 3360, Code Civ. Proc. The allegation so omitted was material and necessary to be stated to entitle the plaintiff to the relief demanded. In Re Metropolitan Transit Co., 111 N. Y. 588, 19 N. E. 645, where a like application, under chapter 140, Laws 1850, was under consideration, it was held that, "as a condition upon which the court could be asked to intervene in its favor to enable it to acquire lands and street rights, the company was obliged to show, under oath, that it is its intention * * * in good faith to construct and finish a railroad from and to the places named * * * in its articles of association." See, also, Railroad Co. v. Dominick (Sup.) 8 N. Y. Supp. 151; Railway Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008. The petition being thus defective, and it appearing that the defendants objected to the granting of the application of plaintiff for the condemnation of the premises in question and the appointment of commissioners to ascertain and fix the compensation to be made therefor, we are unable to determine that the court below was in error in making the order from which the appeal is taken. If there had been no appearance by defendants, the court could properly have denied the application on the insufficient petition presented. The papers do not show that the defendants waived the objections to the defective petition on which the plaintiff moved. We are also of the opinion that under the provisions of the "condemnation law," where the petition on which the plaintiff moves fails to comply with the provisions of section 3360 of the Code of Civil Procedure, the court may properly sustain oral objections to the granting of the application for condemnation and the appointment of commissioners. The view above taken renders it unnecessary for us to consider the other questions discussed by the learned counsel for the respective parties.

The order should be affirmed, with costs and disbursements.