# CHARLESTON.

GRAFTON & BELINGTON RAILROAD COMPANY *v.* BUCKHANNON
& NORTHERN RAILROAD COMPANY.

Submitted September 13, 1904.   Decided December 13, 1904.

1.  RAILROAD CROSSING—*Jurisdiction at Law to Condemn—Juris-diction.*
      The circuit courts have jurisdiction at law in proceedings for
    the condemnation of crossing by one railroad company over the
    real estate and line of another railroad company.   (p. 459).

2.  INJUNCTION.
      Injunction will not lie to restrain such proceedings.   (p.
    460).

Appeal from Circuit Court, Barbour County.

Suit by the Grafton & Belington Railroad Company against
the Buckhannon & Northern Railroad Company.   Decree for
defendant, and plaintiff appeals.

*Affirmed.*

A. G. DAYTON and FRED. O. BLUE, for appellant.
SAMUEL V. WOODS and REESE BLIZZARD, for appellee.

MCWHORTER, JUDGE:

The Buckhannon and Northern Railroad Company, a corpora-
tion under the laws of the State of West Pirginia, filed its peti-
tion after due notice given in the circuit court of Barbour county
for the purpose of condemning a right of way for crossing over
the line of the. Berry Branch of the Grafton and Belington
Railroad Company on the west side of the Tygarts Valley River,
necessary to the petitioner in building and constructing its road
for public use from the town of Buckhannon in Upshur county
through the counties of Barbour, Taylor and Marion to Fair-
mont in Marion county, and thence to the Pennsylvania State
line, praying that commissioners be appointed by the 'said court
to ascertain and report what would be a just compensation to
the owners for the real estate and crossing sought to be ob-
tained for the said purposes, and that such other proceedings
might be had in said premises as the law might require, and
that upon payment of compensation found to be just peti-

tioner might have the right and privilege to construct, main-
tain and operate said railroad across the said Berry Branch of
the Grafton and Belington Railroad Company at the point and
place designated in said petition, notice and maps therewith
filed.    On the 27th day of February, 1904, the Grafton and
Belington Railroad Company presented its bill in chancery
against the Buckhannon and Northern Railroad Company, pray-
ing an injunction restraining the defendant from proceeding
with its petition and application for a condemnation of said
crossing at the point proposed as set out in said notice until
a decree of a court of equity having jurisdiction had been ob-
tained, decreeing that said crossing is a proper crossing and the
mode and manner of said crossing, and that the court might fix
and determine what is the proper crossing and the mode and
manner of said crossing as provided by law.    The court granted
the order of injunction as prayed for.    The defendant answered
the bill and gave notice of motion to dissolve said injunction.
On the 12th day of April the motion was heard in vacation
before the judge of the circuit court of Barbour county at
Grafton, when the defendant company tendered its answer,
demurrer and affidavits "A and B", and moved the court to
dissolve the injunction theretofore awarded in the cause.    The
motion was sustained and the injunction dissolved.    The plain-
tiff appealed from said order of dissolution of the injunction.
The first question to decide is whether an injunction will lie.
It is contended by counsel for plaintiff that under section 11,
chapter 52, Code, the applicant to condemn was necessarily
required to first go into a court of equity and procure a decree
for such crossing.    But there is another provision in sub-sec-
tion 7 of section 50, chapter 54, Code, respecting grade or other
crossings which gives the circuit court law jurisdiction for the
condemnation thereof.    "It is a well settled rule that a court of
equity will not usually enjoin an action at law on grounds
which may be urged as a defense to such action.    Even in cases
of concurrent jurisdiction the action will not be interfered with
by a court of equity, unless that court can give a more perfect
remedy or the case can be better tried by the procedure of that
court."    16 A. & E. E. L. 365, and in 1 High on Injunctions,
sec. 45, in treating of the subject of restraining judicial proceed-
ings, says: "It merely seeks to control the person to whom it is

addressed, and to prevent him from using the process of courts of law where it would be against conscience to allow him to proceed. It is granted on the ground that an unfair use is being made of a legal forum which from circumstances of which equity alone can take cognizance should be restrained lest an injury be committed wholly remediless at law. And the power of courts of equity to restrain the assertions or doubtful rights in a manner productive of irreparable damage, and to prevent injury to a person from the doubtful title of another is regarded as one of the legitimate uses of equity", and cases there cited. "In cases of concurrent jurisdiction proceedings at law will not be interfered with by the Court of Chancery, unless that court can give a more perfect remedy, or the case can be better tried by the procedure of that court." *Ochenbein* v. *Papelier*, L. R. 8 695; *Hoare* v. *Bremridge, Id.* 22; *McLin* v. *Marshall*, 1 Heisk. (Tenn.) 678. "If the defences set up in the bill to the defendant's claim are the same as those made in the suit at law, or are only such as can be made in equity, it is clear that no injunction ought to be granted before judgment at law, although the bill may contain matter enough to warrant the granting it." *Mutter* v. *Hamillon*, 2 Hayw. 346. "The injunction should be to stay execution, not trial." *While* v. *Steinwicks*, 19 Ves. 85. The remedy of plaintiff is by writ of error, or in case the court is proceeding without jurisdiction and a more speedy remedy is desired, the writ of prohibition could be invoked. A court of equity is without jurisdiction to enjoin the proceeding.

There being no error, the decree dissolving the injunction is affirmed and the bill will be dismissed.

*Affirmed.*


POFFENBARGER, PRESIDENT, (*concurring*) :

I think the injunction was properly dissolved and concur in the affirmance of the order; but I am unwilling to say, on this appeal, that a condemnation proceeding for a railroad crossing can be sustained in a court of law without a previous determination, by a court of equity, under section 11 of chapter 52 of the Code, or by agreement, of the place of crossing and the manner of effecting it. That question is not properly before this Court. and I do not think it ought to be drawn in here on the far-

fetched theory, that it is an additional reason for the conclusion arrived at. The statute, which the syllabus and opinion virtually nullify, relates to great agencies of commerce and transportation, representing millions of capital and affecting the prosperity and lives of the people in their operation. Nevertheless it is drawn in here unnecessarily and incidentally and the intimation given out by this Court that it has been repealed by implication. Going further in this indirect method, the Court declares that, even if not repealed, it does not require the fixing of the place and manner of crossing before instituting the condemnation proceeding in the law court. May the railroad company, desiring the crossing, select the place and prescribe its own method of crossing, without reckoning the inconvenience and danger to the other company and detriment to the public, arising from an improper location? Can the law court refuse the crossing demanded and grant another? Can it do more than find that the purpose for which the property is demanded is a public use and that the taking is necessary, and authorize the crossing as demanded? Was it not the intention of the legislature, in passing section 11 of chapter 52 of the Code, to remedy this defect in the condemnation proceedings for crossings by referring the place and manner of the crossing to the courts of equity, where, by means of depositions, plats and other documents, the situation might be more carefully and fully laid before the Court? This case indirectly and incidentally forecloses all these important questions.

It amply suffices for the disposition of this appeal to say injunction is never used to restrain a court from proceeding on the ground of lack of jurisdiction, and that, in this case, there is an adequate remedy at law. "A writ of injunction is in no just sense a prohibition to the courts of common law, in the exercise of their jurisdiction. It is not addressed to those courts. It does not even affect to interfere with them. The process, when its object is to restrain proceedings at law, is directed only to the parties. It neither assumes any superiority over the court in which those proceedings are had, nor denies its jurisdiction. It is granted on the sole ground that from certain equitable circumstances, of which the court of equity granting the process has cognizance, it is against conscience that the party inhibited should proceed in the cause." 2 Story's Eq. Jur. §875.

Injunction does not lie when there is an adequate remedy at law. Here there is one. After the entry of an order authorizing the applicant to take possession of the land, a writ of error with a *supersedeas* is immediately available and completely efficacious, if there is any error in the proceeding, due to want of jurisdiction or any other cause. For the purpose of an application for the writ of error the court would enter an order suspending the judgment. No injury whatever could result. Hence, there is no equity calling for relief against the applicant, and none can be had by injunction against the court.

As the bill can, in no sense, raise the question of the extent of the jurisdiction of the law court, it is utterly incapable of bringing that question before this Court on appeal. We can only say it is immaterial whether the law court has jurisdiction. The remedy chosen cannot bring up that question. To test it, you must resort to the writ of prohibition.