# CHARLESTON.

ISLAND CREEK R. R. CO. *v.* LOGAN & SOUTHERN RY. CO.
(Equity.)

and

LOGAN & SOUTHERN RY. CO. *v.* ISLAND CREEK R. R. CO.
(Law.)

Submitted February 9, 1911.    Decided December 12, 1911.

1.  INJUNCTION—*Subjects of Relief—Condemnation Proceedings.*

    The fact. that a railroad company desiring to cross at grade or otherwise the right of way or track of another railroad company has not as a prerequisite condition, and before instituting suit to condemn the same, obtained a decree in equity, fixing the points and manner, and the terms and conditions on which such crossing may. be made, gives a court of equity no jurisdiction at the suit of the condemnee company to restrain the prosecution of such suit to condemn, the defense at law being ample and complete.    (p. 100).

2.  SAME—*Nature and Grounds—Irreparable Injury.*

    Nor is there jurisdiction in equity to restrain such condemnation suit on the broader equitable ground of irreparable injury to the property and plant of the condemnee; all such matters being properly addressed to the consideration and judgment of the court in the suit of the condemnor against the condemnee to obtain a decree fixing the points, the manner, and the terms and conditions on which such crossing may properly be made. (p. 101).

3.  RAILROADS—*Crossings—Proceedings to Take Property—Conditions Precedent.*

    Such decree of a court of equity, obtained pursuant to section 11, chapter 52, Code 1906, is a prerequisite condition to the exercise of the right of one railroad company to cross, at grade or otherwise, the right of way or tracks of another railroad company given by paragraph seven of section 50, chapter 54, Code 1906, or to institute a suit to condemn such crossing pursuant to section 48 of said chapter.    Approving *Railroad Co. v. Traction Co.*, 56 W. Va. 18, and interpreting the points of the syllabus in *Railroad Co. v. Railroad Co.*, 56 W. Va. 458. (p. 102).

Appeal from and error to Circuit Court, Logan County.
Bill in equity by the Island Creek Railroad Company against

the Logan & Southern Railway Company. From a decree for defendant, plaintiff appeals.

*Affirmed.*

Condemnation proceedings by the Logan & Southern Railway Company against the Island Creek Railroad Company. From a judgment for plaintiff, defendant brings error.

*Reversed, and Petition Dismissed.*

*Vinson & Thompson,* for appellant and plaintiff in error.

*Campbell, Brown & Davis* and *Brown, Jackson & Knight,* for appellee and defendant in error.

MILLER, JUDGE:

The bill of the Island Creek Railroad Company, which on demurrer was dismissed, for want of equity, sought: First, to enjoin the Logan & Southern Railway Company, from prosecuting its proceeding at law to condemn a crossing at grade over plaintiff's railroad, at two points proposed in its petition: Second, to require the Logan & Southern Company, to construct and maintain an overhead crossing, over its track, in place of the proposed grade crossings: Third, to have the court fix the place, plans and specifications, and the terms upon which such overhead crossing should be made, and thereby waiving right to compensation for the use of its lands taken therefor, and damages to the residue occasioned thereby: And, fourth, general relief.

The Logan & Southern Company, by its petition, professing to be proceeding pursuant to the seventh paragraph of section 50, chapter 54, Code, 1906, and section 48, of that chapter, as provided by the former, alleging its inability to agree with defendant upon the amount of compensation, or upon the points or manner of crossing, sought to have the court in that proceeding ascertain and determine that petitioner was entitled to cross or intersect the right of way and track of defendant at grade, at the two points, and substantially in the manner shown by exhibits filed with its petition; and to have commissioners appointed, as provided by law, to ascertain a just compensation to defendant for said crossings or intersections,

to be made by petitioner, and that upon payment thereof, the title and right to such crossings or intersections, and each of them might be vested in petitioner, and for such further relief as the court might deem proper in the premises.

The points and manner of the proposed crossings, as the petition shows, were those which petitioner, without agreement or consultation with the condemnee, had arbitrarily chosen, and the petition contains no allegation, nor was it claimed or proven on the trial, that before the filing thereof, the points and manner of making the proposed crossings or intersections had been decreed to petitioner by suit in equity, as provided by section 11, chapter 52, Code 1906. On the contrary it was conceded that no such decree had been procured.

Among the numerous defenses pleaded by defendant, one is that although petitioner had been requested by it to institute a suit in equity, pursuant to said section 11, of chapter 52, for the purpose of procuring a decree, adjudging, ascertaining and specifying the place, method and manner of making said crossings, in order that justice might be done to both parties, petitioner had failed and refused to do so, and it pleads the want of such decree in bar of said action at law.

On the hearing, upon pleadings and proofs, the court below on July 29, 1910, pronounced the judgment complained of, that the petitioner had lawful right to cross or intersect at grade the right of way and track of the defendant at the two points proposed in its petition, and shown upon the plats or maps exhibited therewith; that said crossings and each of them were necessary for its purposes, and will be used therefor, and that said crossings respectively should be located, constructed, maintained and operated as described in said petition, and shown upon said maps or plats, respectively. By the same judgment commissioners were also appointed to ascertain a just compensation to defendant therefor.

By stipulation of counsel both cases have been conjointly argued and submitted for decision, and both will be disposed of in this opinion.

First we will dispose of the appeal from the decree dismissing the bill of the Island Creek Company. Appellant seeks to support that bill upon two principal grounds, viz: First,

on its alleged right, as a condition precedent, to·have·the points and manner of the proposed crossings or connections decreed by a court of equity, pursuant to said section 11, of chapter· 52; second, on the broad general ground of equity ·jurisdiction to prevent by injunction, irreparable injury to its plant and property, by the proposed crossings, which it is· alleged can not be adequately and justly compensated in damages, and as an overhead crossing is practicable, the proposed grade ·cross-ings are ·wholly unnecessary, unreasonably burdensome, and practically destructive of its property and franchises.

It is contended also, and we are disposed to so hold, in giving proper construction to our particular statutes, that it is a con-dition precedent to the right of one railroad company desiring to cross at grade or otherwise the right of way and tracks of another railroad company, and before a suit in condemnation will lie, that it should first obtain a decree in equity, fixing the points and·manner and the terms and conditions of making such crossing or connection. It follows, therefore, as a necessary corollary, that the absence of such decree and of· allegation and proof thereof, constitutes a complete·and adequate defense at law, and there being such defense at law there is no juris-diction in equity to grant the relief prayed for in the bill. This proposition is elementary, and it has been distinctly applied by this Court in a case similar to this. *Railroad Co.* v. *Railroad Co.,* 56 W. Va. 458. The basis of this holding will be further considered in disposing of the writ of error to the judgment in the condemnation suit.

But has equity jurisdiction, as claimed by counsel, on broader equitable grounds? We have considered all the numerous specifications of fact alleged as constituting irreparable injury, and as a reason for requiring defendant to make an .overhead crossing and to require the crossing to be made differently from those proposed in the petition in condemnation, and·so far as we can see 'all of them entitled to consideration, can be available as a defense, or as advice to the court on bill filed, to·determine ·· the character and manner of the crossings that should be made by the condemnor. This being so, and we do not perceive any reason why it should be otherwise, the proper and only place to present all these matters is to the court having jurisdiction to de-

cree the points and manner, and the terms and conditions of making such crossings, for we hold that one railroad company can not condemn a crossing at grade or otherwise, over the right of way or tracks of another company, until it has obtained a decree as the basis of its suit to condemn, and that until such decree has been obtained the defense to any action by it seeking to cross in any manner the tracks of the other company is ample and complete. Our opinion, therefore, is that the bill in this case was properly dismissed and that the decree below should be affirmed.

We have next to dispose of the writ of error to the judgment of condemnation. We have already indicated our opinion that that judgment must be reversed. If as we hold the decree of a court of equity defining the points and manner of crossings and connections, and the terms and conditions on which they may be made, is a prerequisite condition to a suit to condemn the same, authorized by said paragraph seven of section 50, chapter 54 of the Code, the want of such decree, pleaded by defendant, constitutes a complete defense to the petitioner's action, and we need not, and should not further consider the many other grounds of defense alleged; they are substantially the same as those alleged in the bill of the condemnee company, and as we said of those so we may say of these, they are all the proper subjects of consideration by the court on bill filed pursuant to said section 11, chapter 52 of the Code, and should not be prejudged on this writ of error.

Counsel for the Logan & Southern Company, however, earnestly controvert the proposition that a decree in equity was a prerequisite condition to its suit to condemn. It is conceded that such course was open to it, but that it had right of election of remedies, and that having chosen the more speedy and expedient proceeding by petition in condemnation, given by said section 50, chapter 54 of the Code, it can not be denied relief in the legal forum, because the equitable remedy was also open to it. His argument in support of his theory of plenary and concurrent remedy at law, is based on the claim that paragraph seven of said section 50 of chapter 54, is a particular provision, applicable alone to securing a crossing by one railroad company over the right of way and tracks of

another railroad company, an absolute right, as it is claimed, and of which it can not be denied, given by said section; while the provisions of said section 11 of chapter 52, are general, and applicable to other classes of public service corporations, and that for this reason, and because the former statute is also the later statute, if there is conflict or inconsistency the earlier and more general statute must yield to the later and special law, on the theory of implied repeal or modification by the later statute. The well recognized canons of construction, laid dawn by Sutherland on Statutory Construction, (2nd Edition) section 274-276; *Winn, Adm'x. etc.* v. *Jones,* 6 Leigh 74; *Justice* v. *Commonwealth,* 81 Va. 211; *Fox's Adm'r.* v. *The Commonwealth,* 16 Grat. 1; *Hogan* v. *Guigon,* 29 Grat. 710; *Conley* v. *Supervisors,* 2 W. Va. 416; *Shields and Preston* v. *Bennett,* 8 W. Va. 74; and *Hawkins* v. *Bare & Carter,* 63 W. Va. 431, 436-7, are invoked by counsel in support of his contentions. In our opinion, however, a proper construction of said paragraph seven of said section 50, does not require application of these rules of construction. Section 11 of chapter 52, does not furnish a concurrent remedy. It is simply a provision of the statute for establishing by decree the place and manner of crossings and connections. Resort must then be had to a suit at law to condemn the right to cross or connect as decreed. Said section 11, of chapter 52, constitutes a curb on the arbitrary power of one railroad company to cross at will property already devoted to public use. Equity and justice require such judicial ascertainment. *Lake Shore & M. S. Ry. Co.* v. *C. W. & M. Ry. Co.,* 116 Ind. 578, 582.

We can not construe said paragraph seven as it is construed by counsel for the petitioner, and we think the rules invoked, for the most part, inapplicable. Said paragraph seven is contained in the chapter relating to "Joint Stock Companies," and for what purposes they may be incorporated, etc. The first section of that chapter is pertinent; it provides: "Joint Stock Companies, incorporated under this chapter, shall be subject to the provisions of the fifty-second and fifty-third chapters of the Code, so far as the same are applicable." The particular provision of that paragraph relied on by counsel, as giving plenary and concurrent remedy is: "If the two corporations

cannot agree upon the amount of compensation to be made therefor, or the points and manner of such crossing and connections, the same shall be ascertained and determined in the manner prescribed by section forty-eight of this chapter." When we turn to section forty-eight, however, we do not find there any specific provision for determining the points and manner of making such crossing or connections. The only pertinent provision of that section is: "If any railroad corporation shall be unable to agree with the owner of any real estate for the purchase thereof for its corporate purposes, it may have such real estate condemned for such purposes under the provisions of chapter forty-two of the Code." Chapter forty-two is the general statute relating to the taking of land without the owner's consent for public use, but there is no provision of this chapter specifically covering this subject. The provisions of this chapter are general, applying to all cases where land of a private person may be taken for public use. It is not distinctly claimed, however, that under said paragraph seven the Logan & Southern Company, though in terms given the right thereby "to cross at grade or to cross over or under" the right of way and track of the Island Creek Company, that this right is wholly an arbitrary right; but it is insisted that in so far as it can be controlled as to the points and manner of such crossings and connections, the court on its law side, is empowered, by virtue of said paragraph seven of section 50 to determine the points and manner of such crossings and connections, and that its rights and those of defendant can be as fully protected in that forum as by a prior decree in equity. Is this a correct interpretation of our statutes? If it is we can see no practical purpose of section 11 of chapter 52; for if a decree in equity pursuant to that section is not a prerequisite condition to the right to condemn a crossing or connection over the right of way of another railroad, the condemnor even after obtaining such decree would not be bound to adopt it, perhaps. Nothing but *res judicata,* if applicable, could prevent it from disregarding the decree. If said section 48 did in fact make specific provision for determining the points and manner of crossings and connections, there would be force in the position of counsel; but there being no such specific provision, it seems to us

necessary in order to give true interpretation to said·paragraph seven, and as we are plainly told to do by the first section of the same chapter, to declare it subject to section 11 of chapter 52, for it is clearly applicable, and if we. read the provisions of that section into section 48, as it seems to us we must do, the way in which the points and manner of securing such crossings and connections, is clearly indicated, there is harmony and no conflict in these statutes.   The proceedings provided by chapter 42, on the law side of the court, limited as the applicant and defendant are by the pleadings in such proceedings, are not sufficiently elastic to vary the points and manner of the crossings and connections sought to be condemned, to conform to the equitable rights of the parties; hence the necessity for the prior decree of a court of equity, enforcible against the parties, and limiting them, in proceedings to condemn, to the provisions and   requirements thereof. *Railroad Co.* v. *Traction Co.,* 56 W. Va. 18, was a suit in equity filed pursuant to said section 11 of chapter 52, to obtain a decree fixing the point and manner of crossing at grade the railway track of the defendant company, but framed on the theory also that the court had jurisdiction, which was denied, to condemn the property, decreed to be taken.   In that case the history of said section 11 is gone into, and it is distinctly decided, with reference to that history, that in case of disagreement, though the right to cross must be obtained by condemnation under the general law, yet that it is a prerequisite condition to the enforcement of that right, that a decree in equity be obtained designating the place at which and the manner in which ·the crossing desired shall be made.   This construction of these statutes was followed approvingly by Dayton, Judge, in *Elkins Electric Ry. Co.* v. *Western Maryland R. Co.,* 163 Fed. R. 724.   But it is said our later case of *Railroad Co.* v. *Railroad Co.,* 56 W. Va. 458, is in conflict with this rule.   The first point of the syllabus in that case may be susceptible of that interpretation, but the point was not necessarily involved in that case, and the point ought not be so interpreted.   That was a suit, as was the equity suit disposed of in this opinion, by one railroad company against another to enjoin condemnation proceedings at law, and was disposed

of in the same way, denying equity jurisdiction by injunction to stay the proceeding at law, on the ground, according to the body of that opinion, of complete remedy at law. Limited as herein, the two points of the syllabus in that case, are correct legal propositions; but we can not approve the interpretation put upon them by counsel for the Logan & Southern Company. The construction given in *Railway Company* v. *Traction Co., supra,* and followed in this opinion we regard the true construction of our statutes, and the only one consonant with reason, and the purposes and objects which the Legislature intended in enacting them. In those Code states, with statutes similar to our own, but where law and equity are administered under one form of proceeding, and where commissioners are authorized to go upon the ground, and to determine the points and manner of making crossings and connections, the rule may be different. See *Railroad Co.* v. *Railroad Co.,* 72 Mich. 206; *In re St. Paul & Northern Pacific Ry. Co.,* 37 Minn. 164; *In re Minneapolis and St. Louis Ry. Co.,* 36 Minn. 481; *St. Louis Transfer Ry. Co.* v. *St. Louis, I. M. & S. Ry Co.,* 100 Mo. 419; *In re Lockport & Buffalo R. R. Co.,* 77 N. Y. 557, and *Union Pac. Ry. Co.* v. *Leavenworth N. & S. Ry. Co.,* 29 Fed. Rep. 728.

Our conclusion is, therefore, to reverse the judgment below, and to dismiss the petition, but to be without prejudice, however, to any new and proper proceedings brought to vindicate the rights of defendant in error.

*Reversed and Dismissed.*